Wachtler, J.
(dissenting). The order of the Appellate Divi *285 sion should be reversed and the defendant’s judgment reinstated.
In 1969 the parties entered into a separation agreement. Each side was represented by counsel. The lengthy and comprehensive agreement provides, among other things, for a division of all real and personal property, support for the wife and children as well as custody. It also anticipates and provides for various contingencies. Section 23 considers the effect of a subsequently obtained divorce decree and provides for the survival of those terms relating to "property rights”, child custody, support and alimony. Section 24 deals with the effect of a court-ordered modification of the husband’s support obligation. It states: "Modification by court decree: In the event that any court of competent jurisdiction shall hereafter, by virtue of any statute, modify the terms hereof with respect to support and maintenance, such modification shall apply to this Agreement with the same force and effect as though it constituted the original terms thereof.”
The defendant husband later obtained a bilateral Mexican divorce. The support provisions of the agreement were incorporated by reference in the Mexican decree but, in accordance with section 23, were "not merged therein”. Thus the divorce decree did not alter the husband’s support obligations. The question on this appeal concerns several Family Court orders which subsequently fixed the defendant’s support obligations at a level below the amount provided in the agreement.
In 1973 the plaintiff wife petitioned the Family Court for an order directing the defendant to support in the amount fixed in the agreement. The defendant cross-moved for a modification reducing his support obligation. The cross motion was granted and the defendant was directed to pay support in an amount less than the agreement provides. A similar order was entered in 1974. On both occasions the plaintiff was represented by counsel. In neither case, however, did she appeal the Family Court’s determination.
In 1976, three years after the original Family Court order was entered, the plaintiff commenced this action in the Supreme Court to recover the difference between the amount of support paid by the defendant pursuant to the Family Court orders and the amount initially fixed in the agreement. It was claimed that by paying the lesser amount the defendant breached the support terms of the separation agreement.
Special Term entered judgment for the defendant, relying *286 on section 24 of the agreement and the Family Court orders modifying the defendant’s support obligation. The Appellate Division reversed on the ground that the Family Court "does not have jurisdiction to modify the support provisions of a separation agreement.” (70 AD2d 613.)
For the reasons stated at Special Term the order of the Appellate Division should be reversed and the defendant’s judgment reinstated. Special Term noted, of course, that the Family Court generally lacks the power to alter the support terms of a separation agreement. It held, however, that by adopting section 24 the parties "contractually agreed to be bound by any modification of the support provisions of the subject agreement which a court of competent jurisdiction may make in futuro(92 Misc 2d, at p 120.) The court also found that this provision was enforceable, noting that the plaintiff had been represented by counsel when she signed the separation agreement and during the Family Court proceedings. In my view that determination was correct.
Special Term’s construction of section 24 is reasonable, indeed the only reasonable interpretation under the circumstances. The plaintiff has been unable to propose any alternative. The majority suggests that the section was only meant to apply when the court is asked to consider the validity of the support provisions. A court, however, may consider the validity of a clause in a separation agreement without the aid of express contractual authority (see, e.g., Christian v Christian, 42 NY2d 63). Neither can section 24 be construed as an obscure attempt to salvage the agreement in the event the amount of the support provisions are found to be invalid; the agreement already contains a standard savings clause to this effect in section 21. Thus to "interpret” section 24 as applicable only in cases involving the validity of the support provisions renders the section unnecessary, useless and, in effect, a nullity.*
On the other hand to hold that section 24 represents a contractual commitment by the parties to accept a court-ordered modification of the amount of the support provisions does not render section 23 ineffective as the majority suggests. *287 As noted the two sections are designed to meet different contingencies. Section 23 considers the effect of a divorce decree, such as the Mexican decree in this case, and broadly provides that the contractual terms relating to support, child custody and property rights should not merge in the decree or be affected by it. Section 24 more narrowly and specifically relates to decrees which only modify the amount of the support arrangements, such as the Family Court orders in this case, and expressly provides that a decree of this nature "shall apply to this Agreement with the same force and effect as though it constituted the original terms hereof.”
It is also important to emphasize that this was a negotiated agreement and that the Family Court proceedings which resulted in the modification of the support arrangements were fully litigated. Plaintiff was represented by counsel at every stage, and there is no reason in theory or on the facts of this case, why she should not be held to the terms of the agreement. A court should not, in guise of interpretation, nullify part of an agreement simply because one of the parties may have discovered, after several years, that a term originally agreed to has produced disagreeable results in practice.
Judges Jasen, Fuchsberg and Meyer concur with Judge Gabrielli; Judge Wachtler dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Jones concur.
Order affirmed.

 The majority’s alternative suggestion, that the parties intended the section to be applicable in the event that a court of some foreign country should legally modify the agreement, involves a purely imaginary intent. Not even the plaintiff urges that this is what they had in mind when they included section 24 in the agreement, or that it would be proper to give the section such an esoteric meaning.